UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MICHAEL MILLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:19-CV-204 |
| | ) |
| P.C. QUEST, INC. and MARK A. MILLER, | ) |
| | ) |
|     Defendants. | ) |

COMPLAINT

Plaintiff, Michael Miller ("Plaintiff") brings these claims against Defendants, P.C. Quest, Inc. ("Company") and Mark A. Miller ("Miller", or collectively "Defendants"), as follows:

**OVERVIEW**

1.  This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), I.C. §22-2-5 et. seq., The Indiana Wage Payment Statute ("IWPS"), I.C. §22-2-9 et. seq., the Indiana Wage Garnishment Statute, and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IWL"). Defendants violated the FLSA by failing to pay Plaintiff at least time and one-half for hours he worked in excess of forty hours per week. Defendants further violated the Indiana Wage Payment Statute by failing to timely pay Plaintiff's earned wages in accordance with Indiana law and the Garnishment statute by making unlawful deductions from Plaintiff's check without express, written permission. Plaintiff pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative in addition to breach of contract.

1

## **PARTIES**

2. Plaintiff s an individual who, at all relevant times, resided in the Southern District of Indiana (Vanderburgh County). He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Plaintiff was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Plaintiff was an employee as defined by I.C. §22-2-2-3.

3. Company is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Plaintiff's work regularly involved commerce between states, including, but not necessarily limited to, performing technical computer support in and between facilities in Indiana and other states. Company is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. Company performs work throughout southwestern Indiana.

4. Miller is the owner Company. In this capacity, Miller is involved in the day-to-day operations of Company. Miller has the authority to make decisions regarding wage and hour issues and routinely manages Company's pay practices. At all relevant times, Miller had responsibility to act on behalf of, and in the interest of, Company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Plaintiff. As a result, Miller is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. Company is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce and has an annual gross volume of sales made or services performed of not less than $500,000 in receipts.

## JURISDICTION

6. This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Plaintiff's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

7. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FACTS

8. Plaintiff began his employment relationship with Defendants in 2013.

9. Plaintiff was an employee performing work on behalf of Defendants. He was paid on a non-salary basis – a percentage of the hourly rate charged to Defendants' customers. Defendants paid Miller subject to tax withholdings and issued a W-2 to him.

10. Plaintiff performed computer technical services for customers. He would advise customers as to technical solutions but would not participate in negotiating services or prices.

11. Defendants failed to pay Plaintiff the agreed-upon rate of pay during the course of his employment.

12. Defendants agreed to cover certain expenses incurred by Plaintiff in the course of him performing services on behalf of Defendants' clients. Plaintiff incurred such expenses, and Defendants failed to reimburse him. Moreover, on occasion, Defendants would deduct certain expenses from Plaintiff's checks without first obtaining express, written, revocable permission.

13. Plaintiff was never asked to and never did sign any document that permitted Defendants to garnish his wages for any amount not required by law.

14. Plaintiff resigned his employment on August 31, 2019.

15. Plaintiff suffered harm as a result of Defendants' unlawful conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16. Plaintiffs incorporate paragraphs 1 – 15 herein.

17. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage requirements of the FLSA.

18. Plaintiff was harmed by Defendants' unlawful willful and/or reckless conduct.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA WAGE PAYMENT STATUTE

19. Plaintiff incorporate paragraphs 1 – 18 herein.

20. During the relevant time period, Defendants violated the provisions of Indiana Code §§22-2-5 et. seq. by failing to timely pay Plaintiff's' earned wages.

21. Plaintiff has been financially harmed by Defendants' conduct, and Defendants do not have a good faith or reasonable basis to have not paid Plaintiffs all the wages they earned in a timely manner as prescribed by the Indiana Wage Claim or Payment Statutes.

### COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

22. Plaintiffs incorporate paragraphs 1 – 21 herein.

23. Plaintiffs plead their Indiana overtime claims in the alternative.

24. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's overtime wage provisions by failing and refusing to pay Plaintiffs at least minimum wage for all hours they worked.

25. Defendants' conduct is willful, reckless, or indifferent to Sutton's rights.

### COUNT IV: BREACH OF CONTRACT AND UNJUST ENRICHMENT

0

26. Plaintiff incorporates paragraphs 1 – 25 herein.

27. Plaintiff and Defendant entered into an employment contract such that Plaintiff would be compensated for work performed on behalf and to the benefit of Defendants. Defendants would also be responsible for expenses incurred

28. Defendants breached the contract with Plaintiff. If Defendants should keep the benefit of its bargain with Plaintiff without compensating them they would be unjustly enriched.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs;

b. An Order requiring Defendants to pay Plaintiff liquidated damages;

c. An order awarding Plaintiff unpaid wages, advanced costs, and any applicable penalties under Indiana law;

d. An Order awarding Plaintiff the costs of this action;

e. An Order awarding Plaintiff his attorney's fees;

f. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage requirements of the FLSA and Indiana law; and

g. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

>The Wolcott Law Firm LLC
>450 East 96th Street, Ste 500
>Indianapolis, IN  46240
>Tel: (317) 500-0700
>Fax: (317) 732-1196
>E-Mail:  indy2buck@hotmail.com
>
>Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

>Respectfully submitted,
>
>/s/ Christopher S. Wolcott
>Christopher S. Wolcott (#23259-32)
>The Wolcott Law Firm LLC
>450 East 96th Street, Ste 500
>Indianapolis, IN  46240
>Tel: (317) 500-0700
>Fax: (317) 732-1196
>E-Mail:  indy2buck@hotmail.com
>
>Attorney for Plaintiff